## In re Tapestry Workers Independent Local No. 1

*Fisher, Ports & May,* for applicant.

*Herbert B. Cohen* and *C. M. Lawyer, Jr.,* for exceptants.

LAIRD, J., December 29, 1939.—This matter comes before the court on exceptions filed to the granting of articles of incorporation to the above-proposed nonprofit corporation.

The application was filed October 19, 1939, and on October 24, 1939, exceptions were filed by counsel for Textile Workers Union of America, Local No. 133; on October 31, 1939, further exceptions were filed by the

shop committee of Orinoka Mills as representatives of said Textile Workers Union of America, Local No. 133.

While exceptants request that hearing be held in accordance with the provision of section 207 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, at the time of hearing no witnesses were called by counsel for exceptants.

The exceptions filed are as follows: (1) That the purpose for which the proposed Tapestry Workers Independent Local, No. 1, is to be formed is impossible of accomplishment, since the predecessor of said proposed corporation has been denied the right of election and representation of workers by the National Labor Relations Board; (2) that it would be a vain thing to incorporate said Tapestry Workers Independent Local, No. 1, since the said proposed corporation would not be able to perform any of the purposes for which it is proposed to incorporate because of its certain failure to obtain recognition from the National Labor Relations Board; (3) that said proposed corporation is organized contrary to the National Labor Relations Board and the Pennsylvania Labor Relations Board.

The court is empowered by section 207, of the Nonprofit Corporation Law of 1933, supra, to decree or refuse incorporation. It must consider the application, and may hear evidence or may refer the application to a master. In this case we do not believe it necessary to refer the matter to a master, nor are we convinced that we ought to set further hearings for the purpose of taking testimony. The averments set forth in the bill of exceptions are of such nature that they may be disposed of without further hearing.

The power and duty of the court in this instance is clearly defined in section 207 of the Nonprofit Corporation Law of 1933, which sets forth that "If the court shall find the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the com-

munity," it shall approve the articles. The inquiry of the court is, therefore, limited to two questions: (1) Are the articles in proper form? (2) are the purposes given therein lawful and not injurious to the community? The exceptions raise no question concerning the form of the articles, and careful examination of the same indicates that the applicants have complied fully in this respect with the provisions of the Nonprofit Corporation Law.

The exceptions in effect are not directed towards the question whether the purposes set forth in the articles are unlawful or injurious to the community. Instead, the exceptions urge that the charter be refused on the ground that such purposes are impossible of accomplishment.

The purposes for which the intended corporation is to be formed are set forth in paragraph 3 of the application in the following form:

"The purpose for which the corporation is to be formed is to exercise the members' right to self-organization by the formation of an organization of the employes of the Orinoka Mills of York, Pa.; to represent the members in correcting unfair labor conditions as they may arise; to bargain for the members collectively with the Orinoka Mills; and to engage in other lawful activities for the purpose of mutual aid and protection, including the matter of wages, hours of work and working conditions."

The first and second exceptions set forth that the purposes are impossible of accomplishment for the reason that the National Labor Relations Board denied recognition to a "predecessor" of the intended corporation, and that the corporation is certain to fail to obtain recognition from such board. We fail to see why the fact that a "predecessor" has been denied the right of election and representation of workers, assuming that such is a fact, can in any measure affect the rights of a new corporate entity in event it should seek such recognition. Further, if we assume that the intended corporation will fail to obtain such recognition, and we cannot believe that any

witness would be in position to testify concerning the future decision of the National Labor Relations Board under such circumstances, we are not convinced that the purposes as set forth in the articles are impossible of accomplishment.

The third exception sets forth that the proposed corporation is organized "contrary to the National Labor Relations Board and the Pennsylvania Labor Relations Board". An examination of the acts providing for the establishment of these boards, and the rules and regulations governing their procedure, convinces us that this exception is not well founded. The very purpose of this legislation was to provide for the procedure and safeguard the right of employes to organize and to engage in concerted activities for the purpose of collective bargaining and other mutual aid and protection.

We are not convinced that the granting of a charter in this case would be a vain gesture and, on the contrary, are of the opinion that the proposed corporation will have the same reasonable assurance of accomplishing all or the major part of its purposes that exists in practically every similar case. No intended corporation can be certain in advance that the purposes for which it is organized may be fully accomplished. But if such purpose is lawful in its nature and not apt to be injurious to the community, the court is bound to grant the charter.

Therefore, the exceptions filed in the instant case are hereby dismissed at the cost of exceptants, and we enter the following decree:

And now, to wit, December 29, 1939, the within certificate of incorporation, together with the certificate of the Department of State pertaining to the registration of the corporate name, having been presented to me, a law judge of the County of York and State of Pennsylvania, accompanied by due proof of publication of notice of this application as required by the act of assembly and rule of this court in such case made and provided, I certify

that I have examined and perused the said writing, and have found the same to be in proper form and within the purposes named in the act of the General Assembly, known as the Nonprofit Corporation Law of May 5, 1933, and the supplements thereto, and the purposes given in the articles to be lawful and not injurious to this community.

I do hereby order and direct that the said articles of incorporation of Tapestry Workers Independent Local, No. 1, aforesaid, be and the same are hereby approved and upon the recording of the same and this order, the subscribers thereto and their associates shall be a corporation by the name of the Tapestry Workers Independent Local, No. 1, for the purposes and upon the terms therein stated.